Anthony A. GASTON, Sr. and Janice M. Gaston, Individually, and as Next Friend of Justin D. Gaston and as Representative and Heirs of the Estate of Anthony A. Gaston, Jr., Deceased Plaintiffs

v.

HOUSTON COUNTY, TEXAS; James Oscar (Jimbo) Rains, Individually and as Former Sheriff of Houston County, Texas; the City of Crockett, Michael George Reed, Individually and as Director of the City of Crockett Water Treatment Plant; and Billy W. Horn, Individually and as City Administrator of the City of Crockett, Texas Defendants

No. CIV.A. 9:01–CV–188.

United States District Court,
E.D. Texas,
Lufkin Division.

Jan. 11, 2002.

See also 202 F.Supp.2d 564.

Ronald L. Bair, Bair & Fountain, Houston, TX, for Plaintiffs.

Robert Scott Davis, Craig D. Zips, Flowers Davis LLP, Tyler, TX, for Defendants Houston County & Rains.

Barry Abrams, Stefanie Strayer Orr, Ramon Gustave Viada III, Abrams Scott & Bickley, Houston, TX, for City of Crockett, Horn & Reed.

## ORDER

COBB, District Judge.

Before the court is Defendants Houston County, TX and James Oscar Rains' Motion for Judgment on the Pleading [Dkt. # 35], and the court having reviewed the motion and response on file is of the opinion that the motion be GRANTED with regard to the Plaintiffs' federal claims.

For the reasons stated in this court's Memorandum Opinion of December 4, 2001 in this case and the additional reasons stated below, the plaintiffs' federal claims against Houston County and James Oscar Rains are dismissed without prejudice and the plaintiffs' state claims are remanded back to the state court from whence they came.

In addition to the reasoning of the December 4th Memorandum Opinion, this court notes that the Gastons allege that the County of Houston had policies and/or customs that allowed John David Brown, a dangerous inmate, to participate in unsupervised work detail and that the County had policies and/or customs that allowed Brown to remain at-large for over a month.[1] The Gastons also allege that the execution of these policies and/or customs caused their sons' deprivation of life and/or liberty in violation of the Fifth and Fourteenth Amendments. These allegations do not save the Gastons' complaint.

■ To state a claim under § 1983, the plaintiff must establish that a person acting under color of state law deprived her of a constitutionally-protected right. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). To fulfill the state action requirement, the Gastons attempt to draw a straight line from the County officials' actions to John David Brown's reprehensible criminal conduct. While the Gastons make a sympathetic argument, it must fail because the defendants did not deprive Anthony and Justin Gaston of their life and/or liberty within the meaning of the Fourteenth Amendment by allowing Brown to participate in unsupervised work detail or by allowing him to remain at-large for over a month.

The United States Supreme Court has expressed an unwillingness to find state

---

1. See this court's Memorandum Opinion of December 4, 2001, for a complete recitation of the facts of this case.

action where the injuries were at the hand of a third party. *See, e.g., Martinez v. California*, 444 U.S. 277, 100 S.Ct. 553, 62 L.Ed.2d 481 (1980); *DeShaney v. Winnebago County Dept. of Social Services*, 489 U.S. 189, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989). In *Martinez*, a fifteen-year-old girl was murdered by a man who had been paroled from prison five months earlier. 444 U.S. at 279–280, 100 S.Ct. 553. While acknowledging that the parole board knew or should have known that the release of the parolee created a clear and present danger that such an attack would occur, the Supreme Court found that the state officials had not deprived the victim of life without due process of law. *Id.* at 280, 285, 100 S.Ct. 553. The Court stated: "Although the decision to release Thomas from prison was action by the State, the action of Thomas five months later cannot be fairly characterized as state action." *Id.* at 284–285, 100 S.Ct. 553. The Court continued, "[h]e was in no sense an agent of the parole board .... Further, the parole board was not aware that appellants' decedent, as distinguished from the public at large, faced any special danger." *Id.* at 285, 100 S.Ct. 553.

■ The situation here resembles *Martinez*, in that Brown was in "no sense an agent" of defendants when he shot Anthony Gaston, Jr. and the defendants were "not aware that [the Gastons' sons] as distinguished from the public at large, faced any special danger." As the death caused by Martinez after his parole was "too remote a consequence" of the actions by the authorities, *id.*, so too were the actions of John David Brown. It is, therefore,

ORDERED, that Defendant Houston County, TX and James Oscar Rains' Motion for Judgment on the Pleading is hereby GRANTED with regard to Plaintiffs' federal claims. It is further,

ORDERED, that the Plaintiffs' claims brought under 42 U.S.C. § 1983 against Defendants Houston County, TX and James Oscar Rains are hereby Dismissed without Prejudice and the state law claims brought against Defendants Houston County, TX and James Oscar Rains are remanded back to the Texas state court from whence they came.